## GEORGE FORTNER v. STATE.

No. A-2704.    Opinion Filed January 18, 1919.

(177 Pac. 380.)

**APPEAL AND ERROR—Affirmance.** Where the guilt of the defendant is admitted in his brief, and no prejudicial errors are therein pointed out or insisted upon, and as the only apparent object of the appeal was to secure a modification of the sentence, and the record failing to show any justifiable grounds for the exercise of the power conferred upon this court by section 6003, Revised Laws 1910, the judgment of the trial court will be affirmed.

*Appeal from County Court, Canadian. County;*
*R. B. Forrest, Judge.*

George Fortner was convicted of having unlawful possession of intoxicating liquors with the intention of violating the prohibitory liquor laws of this state, and he appeals. Affirmed.

*J. N. Roberson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, George Fortner, hereinafter designated defendant, was convicted of the offense of unlawfully having in his possession intoxicating liquors with the intention of selling, bartering, and otherwise furnishing same contrary to law, and was convicted and sentenced to pay a fine in the sum of $400 and costs, and to be confined at hard labor in the county jail of Canadian county for four months, and providing that if said fine of $400 and costs be not paid, then the defendant to be confined at hard labor in the said county jail, or upon the public roads or any public work in which the county is interested, for an additional term of one day for

each dollar of said fine and costs aforesaid, and that upon service of the jail sentence imposed, the defendant may give bond in double the amount of said fine and costs to secure payment of the fine and costs within 30 days thereafter. To reverse the judgment rendered, defendant prosecutes this appeal.

The charging part of the information in this case is as follows:

"That George Fortner, on or about the 1st day of October, 1915, at and within the county of Canadian, state of Oklahoma, did then and there willfully and unlawfully have possession of intoxicating liquors, to wit, whisky and beer, with the intention of selling, bartering, and otherwise furnishing the same contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

The defendant demurred to the information, which was overruled and exception saved.

The uncontradicted evidence is that the defendant was engaged in the business of selling intoxicating liquors at the time and place averred in the information, and had a retail liquor license from the United States in force at the time and designating the place where said business was being carried on by the defendant.

We have carefully considered the information, and find it sufficient, and that the court did not err in overruling the demurrer thereto. In the printed brief of the defendant, his guilt is practically admitted, and it is not insisted or pointed out that any prejudicial error intervened in the trial.

It is evident that the only object of this appeal is to secure a modification of the sentence inflicted on the defendant, and this is emphasized by the introduction of evi-

dence by the defendant as to his age, condition, and number of his children, which facts were not germane to any issue involved in this case, and upon objection properly made should not have been admitted in evidence. The condition of the defendant, the number of his children dependent upon him, and the severity of the sentence imposed are proper matters to present in support of executive clemency, but cannot be considered on this appeal.

The undisputed evidence in this case, and the admission of the defendant, shows the defendant guilty of being regularly engaged in the business of unlawfully selling intoxicating liquors, and leaves no ground whatever for the exercise by this court of the power granted it by section 6003, Rev. Laws 1910, and therefore this court declines to modify the judgment rendered.

The judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.